United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Lawanda Johnson, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-61928-Civ-Scola |
| | ) | |
| Golfcrest Healthcare Center, | ) | |
| Defendant. | | |

## Omnibus Order

This matter is before the Court on an independent review of the record. The Plaintiff Lawanda Johnson ("Johnson") brings this action *pro se* asserting a claim under Title VII of the Civil Rights Act of 1964 ("CRA"), the Americans with Disabilities Act of 1990 ("ADA") and the Genetic Information Nondiscrimination Act of 2008 ("GINA") against Golfcrest Healthcare Center. Numerous substantive and case management issues have arisen, and the Court will endeavor to address them through this order.

1. **Second Amended Complaint**

The original complaint asserted one count for alleged violations of the CRA, ADA and GINA. (ECF No. 1-2 at ¶¶ 16.) On August 27, 2018, the Court struck the complaint as a shotgun pleading with leave to amend. (ECF No. 6.) That order identified numerous pleading deficiencies and instructed that in any amended pleading Johnson must: (1) separate into a different count each cause of action, (2) allege, specifically, which factual allegations support each cause of action, and (3) identify which portions of the ADA, CRA and GINA that she bases her claims on. (ECF No. 6 at p. 3.) Johnson was forewarned that failure to comply with that order "may result in the dismissal of this case without further notice." (*Id.*)

Johnson timely filed an amended complaint. (ECF No. 7.) The amended complaint largely suffered from the same deficiencies identified in the Court's previous order: it did not separate into different counts each alleged violation of federal law; it did not identify which factual allegations supported each alleged violation of federal law; and it did not identify which portions of the CRA, ADA and GINA the Defendant allegedly violated. (*Id.*) The Defendant again moved to dismiss the amended complaint. (ECF No. 8.) Upon review of the amended complaint, the Court struck that pleading for failing to comply with Federal Rules of Civil Procedure 8 and 10. (ECF No. 29.) Johnson was represented by Court appointed *pro bono* counsel at this point, (ECF No. 27), and was ordered to file an amended complaint by February 8, 2019. On February 5, 2019 Court-appointed

counsel requested and received leave to withdraw as attorney of record in this case due to "irreconcilable differences" with Johnson. (ECF No. 35.)

Cognizant that Johnson is now proceeding *pro se* again, the Court extends her deadline to file a second amended complaint until **February 12, 2019**. Should Johnson choose to amend her complaint again, she must comply with the following:

1. The specific sections of federal law that Johnson claims the Defendant violated shall be identified.

2. Each specific violation identified in paragraph 1, above, shall be asserted separately as its own cause of action. For example, Johnson shall not lump together within one "claim for relief" unspecified violations of three federal statutes.

3. Johnson shall identify, specifically, the factual allegations supporting each individual claim. Realleging all preceding allegations "as if fully re-alleged herein" *will not* satisfy this requirement.

4. Johnson shall list each allegation as a separate, sequentially enumerated paragraph in compliance with Federal Rule of Civil Procedure 8(d)(1), which requires that "[e]ach allegation" be "simple, concise and direct." For example, this would require each factual allegation in the "Facts Relevant to All Claims" section to be separately asserted in its own numbered paragraph.

This is Johnson's second warning, and the Court's instructions are clear. Failure to comply with any of the above-listed amendments *will* result in the dismissal of this case without further notice. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("Implicit in such a repleading order is the 'notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.'" (citation omitted)).

Should Johnson choose to file a second amended complaint, the Defendant need not respond without further notice of the Court.

## 2. **Discovery and Scheduling Issues**

While represented by volunteer counsel, Johnson personally filed a "Reconsideration Letter" of an order by Judge Snow granting the Defendant's motion to strike the Plaintiff's subpoena duces tecum without deposition. (ECF Nos. 26, 30.) The Court construes this as an appeal of that order. *See* S.D. Fla. L. Mag. J. R. 4(a). Notably, the letter does not contest Judge Snow's finding that the subpoena at issue failed to comply with the notice provisions of Federal Rule of

Civil Procedure 45. (ECF No. 26 at p. 3.) The Court **denies** the reconsideration letter (**ECF No. 30**) both because it finds no clear error in Judge Snow's order and because Johnson's letter violates Southern District of Florida Local Rule 7.7.

Johnson also filed numerous discovery requests and responses while represented by counsel. (ECF Nos. 31-33.) The Court **strikes** each of these filings (**ECF No. 31, 32, 33**) for violating Southern District of Florida Local Rule 26.1(b).

Finally, the Court **vacates** the parties' deadline to jointly submit a proposed scheduling order. (**ECF No. 29**.) The Court will enter an appropriate scheduling order later, if necessary.

### 3. Conclusion

In sum, the Court **extends** Johnson's deadline to file a second amended complaint until **February 12, 2019**. Failure to file a second amended complaint by that date in compliance with this order will result in the dismissal of this case without further notice. The Defendant's deadline to respond to any second amended complaint is stayed pending further order of the Court. Johnson's reconsideration letter (**ECF No. 30**) is **denied**. Docket entries **31, 32,** and **33** are **stricken**. And the February 15, 2019 deadline (**ECF No. 29**) to submit an amended scheduling order is **vacated**.

**Done and ordered** at Miami, Florida, on February 5, 2019.

_____
Robert N. Scola, Jr.
United States District Judge