United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lawanda Johnson, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-61928-Civ-Scola |
| | ) |
| Golfcrest Healthcare Center, | ) |
| Defendant. | |

**Opinion Order on Motion to Dismiss**

This matter is before the Court the Defendant's motion to dismiss the second amended complaint (the "SAC," ECF No. 41) filed by *pro se* Plaintiff, Lawanda Johnson ("Johnson"). (the "Motion," ECF No. 47.) Having considered the parties' submissions and the applicable law, the Court **grants** the Motion (**ECF No. 47**) in part as follows.

1. **Background**[1]

This case arises out of alleged work place discrimination experienced by Johnson while employed as a Certified Nurse Assistant ("CNA") with the Defendant Golfcrest Healthcare Center ("Golfcrest"), a nursing home. Golfcrest hired Johnson on October 9, 2015. Johnson is of American descent. A number of her fellow CNAs at Golfcrest were of Caribbean descent. Johnson claims those colleagues "treated [her] poorly and set [her] up for disaster because [she] was not from the Caribbean." Johnson also claims she was retaliated against for lodging complaints with management about her coworkers' conduct.[2] (ECF No. 7 at pp. 12, 17-19.)

---

[1] The facts that follow are established from the SAC, the charge of discrimination (the "Charge," ECF No. 7 at p. 12) Johnson filed with the EEOC on September 1, 2016, and the intake questionnaire also filed with EEOC dated March 10, 2016 (the "Questionnaire," *id.* at pp. 13-19). The Charge and Questionnaire were attached as exhibits to Johnson's amended complaint. (ECF No. 7.) The Court accepts these allegations as true for the purposes of the Motion. *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

[2] To that end, the Questionnaire, drafted ten days after Johnson's termination, details with specificity several allegations of troubling behavior by employees of Golfcrest related to their treatment of nursing home patients. (*E.g.* ECF No. 7 at p. 17 (describing a situation where a fellow CNA "took urine and

In late February 2016, Johnson lodged an internal complaint of national origin discrimination. (*Id.*) On March 1, 2016, Johnson was fired as a "no call, no show." (*Id.*) Johnson claims she never had attendance issues while working at Golfcrest and asserts that she was terminated in retaliation for complaining of national origin discrimination. (*Id.*)

Johnson then pursued remedies with the EEOC, challenging the legality of her termination. On March 10, 2016, Johnson filed the Questionnaire, claiming she was discriminated against based on "Disability," "National Origin" and "Retaliation." (*Id.* at p. 14.) Nonetheless, Johnson answered "No" when prompted on the first page of that document with the question: "Do You Have a Disability?" (*Id.* at p. 13.) Later in that form, Johnson left blank whether she was claiming to have a disability, while simultaneously noting that she suffered from "sclerosis in the sacroiliac joints," took undisclosed medicines and never asked for any changes or assistance due to a disability. (*Id.* at p. 16.) Johnson left blank the box for "Genetic Information" and accompanying subparts and gave no indication in the Questionnaire that she was pursuing a claim of discrimination on that ground. (*Id.* at pp. 14, 16.)

Johnson then filed the Charge with the EEOC on September 1, 2016. (*Id.* at p. 12.) When prompted by that document to identify the type of discrimination she claimed, Johnson checked the boxes for "national origin" and "retaliation." (*Id.*) She left blank the boxes for "disability" and "genetic information." (*Id.*) Her written description also did not indicate that she was pursuing discrimination based on national origin or disability. (*Id.*) Instead, Johnson submitted her belief that she had "been discriminated against because of [her] national origin (American) in violation of Title VII of the Civil Rights Act of 1964, as amended, and specifically section 704(a) that prohibits retaliation." (*Id.*)

The EEOC dismissed the Charge on May 18, 2018, finding it was "unable to conclude that the information obtained establishes violations of the statutes." (the "Notice," ECF No. 1-2 at p. 12.) In the Notice, the EEOC did "not certify that the respondent is in compliance with the statutes," and made no finding "as to any other issues that might be construed as having been raised by this charge." (*Id.*) Johnson was notified of her right to sue within 90 days of the Notice.

On June 11, 2018, Johnson timely filed suit in Florida state court, asserting "an action based on [] National Origin for discrimination." (ECF No. 1-2 at p. 4.) Golfcrest removed the case on August 17, 2018, (ECF No. 1), and moved to dismiss or for a more definite statement on August 24, 2018, (ECF No. 5). The Court struck the complaint as shotgun pleading on August 27, with instructions for Johnson to replead. (ECF No. 6.) Johnson timely filed an amended complaint

---

poured it [on] my patient[']s bed" in retaliation for Johnson reporting that co-worker to management).)

on September 10, 2018, (ECF No. 7), to which Golfcrest again moved to dismiss, (ECF No. 8). On January 15, 2019, the Court struck the amended complaint as a shotgun pleading, ordered Johnson to file a second amended complaint and denied Golfcrest's motion to dismiss as moot. (ECF No. 29.) Johnson filed the SAC on February 28, 2019. (ECF No. 41.)

Through the SAC, Johnson asserts four claims: (1) "National Origin-Based Discrimination (Disparate Impact) in Violation of Title VII of the Civil Rights Act of 1964"; (2) "National Origin-Based Discrimination (Hostile Work Environment) in Violation of Title VII of the Civil Rights Act of 1964"; (3) "Retaliation in Violation of Title VII of the Civil Rights Act of 1964"; and (4) disability discrimination under the "Americans with Disability Act of 1990 (ADA) And (CAA)." (ECF No. 41.) In the fourth count, for disability discrimination, Johnson claims that she was "fired[] because she called out [sick] two nights in a row due to a personal injury that the Plaintiff had sustained a few years earlier." (*Id.* at p. 5.) The SAC also contains two passing references to the "Genetic Information Nondiscrimination Act (GINA)," (*Id.* at pp. 1, 6), and Johnson alleges that she has "exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action." (*Id.* at p. 2.)

Golfcrest answered counts one through three, while moving to dismiss count four for disability discrimination and any implicit claim under the GINA. (ECF Nos. 46, 47.) With respect to the Motion, Golfcrest asserts that any disability and GINA-based discrimination claims must be dismissed for failure to exhaust administrative remedies, as Johnson did not pursue either theory through her EEOC Charge. (ECF No. 47 at pp. 5-9.) Golfcrest also argues that the disability discrimination claim should be dismissed with prejudice because that claim is time-barred and further amendments would be futile. (*Id.* at pp. 7-8.)

Johnson opposes the Motion and argues (1) that the Court should not consider the Charge or Questionnaire in determining the Motion; (2) that Johnson adequately asserted disability and GINA based claims in judicial complaints in this case; and (3) that Johnson adequately raised disability discrimination claims before the EEOC through her representations on the Questionnaire. (ECF No. 51.)

Golfcrest filed a reply brief. (ECF No. 52.)

**2.   Motion to Dismiss Standard**

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But

where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

3. **Discussion**

"It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964." *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999). "Title VIII requires a charge of discrimination to be filed within 180 days of the alleged unlawful act or within 300 days of the alleged unlawful act if the Plaintiff also files a complaint with a state or local agency." *Moore v. Hillsborough Cnty. Bd. of Cnty. Com'rs*, 544 F. Supp. 2d 1291, 1305 (M.D. Fla. 2008). Similarly, "before filing suit under the ADA, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC." *Fry v. Muscogee Cnty. School Dist.*, 150 F. App'x 980, 981-82 (11th Cir. 2005). "The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Gregory v. Ga. Dep't of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004) (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)).

"No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." *Thomas v. Miami Dade Public Health Trust*, 369 F. App'x 19, 22 (11th Cir. 2010). And a subsequent "judicial complaint is limited by the scope of the EEOC investigation 'which can reasonably be expected to grow out of the charge of discrimination.'" *Penaloza v. Target Corp.*, 549 F. App'x 844, 848 (11th Cir. 2013) (quoting *Mulhall v. Advance Sec.*, 19 F.3d 586, 589 n.8 (11th Cir. 1994)); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)[3] (noting that the allegations in a judicial complaint filed pursuant to Title VII may encompass any kind of discrimination like or related to the allegations contained in the charge). "Courts are 'extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]' and should construe an EEOC complaint broadly." *Penaloza*, 549 F. App'x at 848 (quoting *Gregory*, 355 F.3d at 1280). Nonetheless, "judicial discrimination claims are only allowed if they 'amplify, clarify or more clearly

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

focus' the allegations in the EEOC complaint; 'allegations of new acts of discrimination are inappropriate.'" *Id.* at 1279–80 (affirming dismissal of disability claim for failure to exhaust administrative remedies, when such claim was not raised before the EEOC).

Johnson failed to adequately raise disability and GINA based discrimination claims through the Charge. The Charge indicated that Johnson's claim was based on national origin discrimination and retaliation. (ECF No. 7 at p. 12.)[4] Johnson left blank the boxes for "Genetic Information" and "Disability." (*Id.*) And the description within the Charge does not mention any facts invoking those categories and does not otherwise indicate an intent to initiate administrative proceedings for disability or genetic information discrimination. As a result, the Court cannot find that Johnson's disability or GINA-based discrimination claims "grew out of" the "allegations in the EEOC charge." *Thomas*, 369 F. App'x at 22. As a result, the Court finds that Johnson failed to exhaust administration remedies with respect to her claims of disability and genetic information discrimination. *See also Francois v. Miami-Dade Cnty.*, 742 F. Supp. 2d 1350, 1353-54 (S.D. Fla. 2010) (Seitz, J.) (rejecting argument that a "Plaintiff's non-verified Intake Questionnaire should supplant the allegations in Plaintiff's verified EEOC charge" to spare dismissal of discrimination claims that were not raised in the charge but nonetheless asserted in a judicial complaint).

**4. Conclusion**

In sum, the Court **grants** the Motion (**ECF No. 47**) in part. Johnson's fourth claim for relief for disability discrimination (ECF No. 41 at pp. 5-6) is **dismissed without prejudice** and without leave to amend for failure to exhaust administrative remedies. Any implicit claim under GINA for genetic information-based discrimination is also **dismissed without prejudice** and without leave to amend for the same reason.

---

[4] The Court declines Johnson's request to ignore the Charge both because that document is central to her claims and because she filed it herself as an exhibit to the original and first amended complaints. *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed. R. Civ. P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." (citation omitted)); *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).

**Done and ordered**, in Chambers, at Miami, Florida, on April 26, 2019.

_____
Robert N. Scola, Jr.
United States District Judge